IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZO SKIN HEALTH, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br><br> PAUL SIU, an individual, and JOHN DOE, an individual, <br><br> Defendants. | **8:20CV115** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion to dismiss, Filing No. 10 and on the plaintiff's objection to evidence, Filing No. 16.[1] This is an action for trademark infringement, trademark dilution, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1114, 1125(a)(1)(a). The plaintiff also asserts common-law and state law claims for trademark violations, intentional interference with contractual relations, unfair competition, and fraud in the inducement, as well as a claim for violations of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Jurisdiction is based on 28 U.S.C. §§ 1331, 1338, 1367 and 18 U.S.C. § 1964.

I. BACKGROUND

In its complaint, ZO Skin Health, Inc. ("ZOSH") states it is a California corporation registered to do business in the state of Nebraska with its principal pace of business in Irvine Ca, and its main distribution center located in Omaha Nebraska. ZOSH also states that defendant Paul Siu is an individual with citizenship and principal place of business in West Palm Beach Florida and defendant John Doe is an individual and/or

---

[1] Defendant Siu objects to an affidavit of submitted by ZOSH in opposition to his motion to dismiss on grounds of hearsay, and lack of foundation. For purposes of this motion, the objection will be overruled.

entity of unknown corporate form, with citizenship and/or principal place of business in West Palm Beach, Florida. ZOSH alleges it creates and sells medical grade product through a network of physicians and has the exclusive right to sell its products online. Plaintiff alleges that defendant John Doe is a licensed physician who conspired with defendant Paul Siu to fraudulently obtain ZOSH products and divert them to online marketplaces. The products are allegedly shipped from a warehouse in Nebraska.

In support of the motion, defendant Paul Siu submits an affidavit stating he has never been to Nebraska, has not sold to Nebraska residents, does not contract to supply services or things in or to Nebraska, and has no business, real estate, employees or registered agent in the state. Filing No. 11-1, Declaration of Paul Siu. In opposition, the plaintiff submits evidence showing that the allegedly unauthorized products purchased by defendant Siu and the accounts associated with him were ordered and shipped from ZOSH's distribution center in Omaha and were shipped to customers that likely include Nebraska residents. Filing No. 15-1, Affidavit of Natasha Hodkinson.

Defendant Siu moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under 28 U.S.C. § 1391(b)(1).

II. LAW

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). A plaintiff's prima facie showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d

588, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). The party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011). The pleadings, affidavits, and declarations submitted must be viewed in the light most favorable to the non-moving party, and any conflicts in the evidence must be resolved in that party's favor. See *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646-47 (8th Cir. 2003).

In determining whether personal jurisdiction over a nonresident defendant exists, the Court must determine whether: (1) the requirements of Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,2 are satisfied; and (2) the exercise of jurisdiction is permitted by the Due Process Clause of the Fourteenth Amendment. See *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). Since the Nebraska long-arm statute extends jurisdiction to the outer boundaries of due process, the personal jurisdiction analysis merges into a single due process inquiry. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). The court need only determine whether exercising personal jurisdiction over the defendant complies with due process. *Id.*

Personal jurisdiction over a defendant represents the power of a court to enter "a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems*, 646 F.3d at 592 (quoting *Kulko v. Superior Ct. of Cal.*, 436 U.S. 84, 91 (1978)). There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General

3

jurisdiction allows a court to hear "any and all claims" against a defendant. *Goodyear,* 564 U.S. at 919. A court may assert general jurisdiction over foreign corporations only if they have developed continuous and systematic general business contacts with the forum state, so as to render them essentially at home in the forum state. *Viasystems,* 646 F.3d at 595. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1780 (quoting *Goodyear,* 564 U.S. at 924). "In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Id. (quoting Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014)). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*; *see also Walden v. Fiore,* 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a substantial connection with the forum State.")

Under either theory, due process requires that a nonresident defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear,* 564 U.S. at 919 (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)). The Due Process clause permits the exercise of specific personal jurisdiction over a defendant if "the defendant [has] purposefully established minimum contacts in the forum State such that it should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. at 474. To evaluate whether the suit-related contacts are sufficient to create a

4

substantial connection with a state, five factors are relevant: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the defendant's contacts; (3) the relationship of the cause of action to the defendant's contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020).

When the cause of action involves a tortious act, a plaintiff "can obtain specific jurisdiction" over a nonresident defendant by employing the "effects" test set out in *Calder v. Jones*, 465 U.S. 783, 789 (1984). *Johnson v. Arden,* 614 F.3d 785, 796 (8th Cir. 2010) (quoting *Dakota Indus. Inc., v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1390-91 (8th Cir. 1991). "This test allows the assertion of personal jurisdiction over nonresident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state.'" *Id.* The test requires a showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—in the forum state. *Id.*; *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 138-39 (4th Cir. 2020) (finding none of the wrongs Marriott was alleged to have committed took place in the forum); *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 191 (4th Cir. 2016) (finding that receiving purchase orders from and sending invoices to forum state for shipments to a foreign country far more attenuated than the frequent and important contacts that *Burger King* contemplated); *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (discussing the *Calder*-derived analysis for specific jurisdiction in the internet context and stating courts look to indications that a

defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff to occur primarily or particularly in the forum state).

The use of the trademark with knowledge of the infringement is an intentional tortious wrongdoing. *Dakota Indus.*, 946 F.2d at 1391. The injury in a trademark infringement case occurs in the state where the trademark owner has its principal place of business. *Id.* at 1388-89.

III. DISCUSSION

The Court first notes that general jurisdiction is not at issue. Defendant Siu is clearly not domiciled in the state, nor does he have the sort of presence that would make him at home in the state. ZOSH relies on the theory of specific jurisdiction.

The Court finds ZOSH has not sustained the burden of making a prima facie showing that personal jurisdiction exists. The exercise of specific personal jurisdiction over defendant Siu in this case is not consistent with traditional notions of fair play and substantial justice. Defendant Siu has no physical presence in Nebraska and has not visited the state or conducted business there. None of the acts or omissions that that form the basis of ZOSH's claims took place in Nebraska or were otherwise directed at Nebraska residents.[2] Defendant Siu's only connection to Nebraska is that the ZOSH products he allegedly sold through the Internet were shipped to him from a warehouse in the state. There is no evidence that Siu used the ZOSH warehouse to ship to his alleged internet customers. Accordingly, there is no evidence that Siu expressly aimed his wrongful activities at this state.

---

[2] Although the plaintiff states that some unauthorized or infringing products were "likely" sold to Nebraska residents, that speculative and attenuated connection does not amount to the sort of purposeful focus that would be sufficient to confer jurisdiction on the Court.

6

The defendant's' alleged intentional actions—wrongfully advertising and selling products bearing ZOSH's trademarks on Internet websites, interfering with ZOSH's existing and prospective business relationships, and fraudulently representing that a licensed physician was associated with his endeavor in order to obtain ZOSH products—were not uniquely aimed at Nebraska. ZOSH advertises and markets its trademarked products throughout the United States. Siu's allegedly unauthorized Internet distribution through Amazon and eBay involved interactions (exchange of address and payment information) with customers in many states. The fact that the products were shipped from a warehouse in Nebraska to Ziu is too attenuated a connection to confer personal jurisdiction in Nebraska.

The plaintiff's principal claim is trademark infringement or dilution. In a trademark infringement case, the injured party is the trademark holder and the injury is intentional or knowing infringement or dilution of that trademark. That injury is felt at the victim's principal place of business. By knowingly appropriating or misusing the plaintiff's mark, the defendant expressly aimed his conduct at the plaintiff's headquarters or place of incorporation, not the random or fortuitous location of a distribution center. The acts in violation of trademark protections were performed in Florida and any resulting injuries were felt in California. Under these facts, Siu would not have reasonably anticipated being sued in Nebraska.

The nature, quality, and quantity of the defendant's contacts with Nebraska weigh against exercising jurisdiction. The Court finds defendant Siu's motion to dismiss for lack of personal jurisdiction should be granted. Having found no personal jurisdiction

7

over Siu, the Court need not reach the issue of proper venue.[3]  The Court finds the defendant's motion should be granted and the claims against defendant Paul Siu should be dismissed without prejudice to filling in an appropriate jurisdiction.

The record shows that defendant John Doe has not appeared, nor has he been named, described, or served with process.  Filing No. 6, Summons.  Rule 4(m) of the Federal Rules of Civil Procedure requires a court to dismiss without prejudice an action against a defendant who is not served with a copy of the summons and complaint 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Accordingly, the action will also be dismissed, without prejudice, as to that defendant.

IT IS ORDERED that:

1. Defendant Siu's objection to plaintiff's opposition evidence (Filing No. 16) is overruled.

2. Defendant Siu's motion to dismiss for lack of personal jurisdiction (Filing No. 10) is granted.

3. A judgment of dismissal will be entered.

Dated this 16th day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[3] The plaintiff has not moved for a transfer of venue and neither party has argued that the action should be transferred in the interest of justice.  See 28 U.S.C. § 1631.